Filed 11/4/25  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOUIS JAMES MITCHELL et al.,<br><br>    Defendants and Appellants. | C101006<br><br>(Super. Ct. No. 11F00700) |

Codefendants Louis James Mitchell and Lonnie Orlando Mitchell appeal the trial court's denial of their petitions for resentencing under Penal Code section 1172.6 at the prima facie stage.[1]  We conclude that the jury instructions at the Mitchells' trial and the resulting verdicts conclusively establish that the jury convicted the Mitchells on a still-valid theory of murder.  We therefore affirm.

---

[1] Undesignated statutory references are to the Penal Code.  The Mitchells filed their petitions under section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.) We refer to the statute as section 1172.6 in this opinion.

1

BACKGROUND

In December 2010, the Mitchells were involved in a gun battle during which an innocent bystander was killed. (*People v. Carney* (2023) 14 Cal.5th 1130, 1135-1136.) The People filed an information charging both of them with murder (§ 187, subd. (a); count one) and alleging that each personally and intentionally used and discharged a firearm (§ 12022.53, subds. (b) & (c)). The information also charged them with four counts of assault with a firearm (§ 245, subd. (a)(2); counts two through five) and one count of being a felon in possession of a firearm (former § 12021, subd. (a)(1); counts nine and ten). The information additionally charged Lonnie Mitchell with possession of an assault weapon (former § 12280, subd. (b); count six).

The trial court instructed the jury on August 14, 2014. Among other instructions, the court instructed the jury with a version of CALCRIM No. 402 that said: "The defendants are charged in Counts 2, 3, 4, and 5 with assault with a firearm and in Count 1 with murder. [¶] Under this theory of liability called 'natural and probable consequences' you must first decide whether a defendant is guilty of assault with a firearm. If you find the defendant is guilty of this crime, you must then decide whether he is guilty of murder. [¶] Under certain circumstances, a person who is guilty of one crime may also be guilty of other crimes that were committed at the same time. [¶] To prove that a defendant is guilty of murder, the People must prove that: 1. The defendant is guilty of assault with a firearm; [¶] 2. During the commission of assault with a firearm a coparticipant in that assault with a firearm committed the crime of murder; [¶] AND [¶] 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of murder was a natural and probable consequence of the commission of the assault with a firearm. [¶] A *coparticipant* in a crime is the perpetrator or anyone who aided and abetted the perpetrator. It does not include a victim or innocent bystander. [¶] A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In

2

deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence. If the murder was committed for a reason independent of the common plan to commit the assault with a firearm, then the commission of murder was not a natural and probable consequence of assault with a firearm. [¶] To decide whether the crime of murder was committed, please refer to the separate instructions that I will give you on that crime."

The trial court also instructed the jury with a modified version of CALCRIM No. 520, addressing murder: "The defendants are charged in Count One with murder. To prove that a defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant committed an act that caused the death of another person; [¶] 2. When the defendant acted, he had a state of mind called malice aforethought; [¶] AND [¶] 3. He killed without lawful excuse or justification. [¶] There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] The defendant acted with *express malice* if he unlawfully intended to kill. [¶] The defendant acted with *implied malice* if: [¶] 1. He intentionally committed an act; [¶] 2. The natural and probable consequences of the act were dangerous to human life; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life. [¶] Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time. [¶] A 'cause of death' is an act that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act, the death of a human being, and without which the death would not occur. [¶] There may be more than one cause of the death. [¶] When the conduct of two or more persons contributes concurrently as a cause of the death, the conduct of each is a cause of the death if that conduct was also a substantial factor contributing to the death. [¶] A cause is a

3

concurrent cause if it was operative at the moment of death and acted with another force to produce the death. [¶] If you find that a defendant's conduct was a cause of death to another person, then it is no defense that the conduct of some other person also contributed to the death. [¶] If you decide that the defendant committed murder, it is murder of the second degree, unless the People have proved beyond a reasonable doubt that it is murder of the first degree as defined in CALCRIM No. 521. [¶] Murder under natural and probable consequences is murder of the second degree."

The trial court's instruction using CALCRIM No. 521 said in relevant part: "A defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. The defendant acted *willfully* if he intended to kill. The defendant acted *deliberately* if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with *premeditation* if he decided to kill before completing the acts that caused death. [¶] . . . [¶] The People have the burden of proving beyond a reasonable doubt that the killing was first degree murder rather than a lesser crime. If the People have not met this burden, you must find the defendant not guilty of first degree murder and the murder is second degree murder."

On August 20, 2014, the jury found both defendants guilty of first degree murder and found the firearm enhancements true. It also convicted them on the assault and felon in possession charges. It found Lonnie Mitchell guilty on the assault weapon count.

The trial court sentenced Louis Mitchell to 45 years to life plus 7 years 8 months and Lonnie Mitchell to 45 years to life plus 8 years 4 months. Both defendants appealed, and we affirmed. (*People v. Carney* (Dec. 10, 2019, C077558 [nonpub. opn.].).) Our state Supreme Court granted the Mitchells' petition for review to consider whether the " 'substantial concurrent cause' " analysis of proximate cause set forth in *People v. Sanchez* (2001) 26 Cal.4th 834 allowed defendants' convictions. (*People v. Carney*, *supra*, 14 Cal.5th at pp. 1134-1135; see also *id.* at p. 1137.) In holding that it did, the

4

court explained that it was undisputed that neither of the Mitchells fired the fatal shot. (*Id.* at p. 1135.)  Nevertheless, "their life-threatening deadly actions constituted proximate cause consistent with" *Sanchez*.  (*Ibid.*)

In March 2019, while their appeals were pending, the Mitchells each filed a form petition for resentencing under section 1172.6.  The People filed responses to the petitions in January 2020.  The Mitchells did not file reply briefs until January 2024, to allow for the conclusion of their appeals and review by the Supreme Court.  In February 2024, the People filed supplemental responses.

In April 2024, the trial court conducted a hearing and denied both defendants' petitions.  The court quoted extensively from the California Supreme Court's decision on direct appeal and concluded:  "What all of that means is under the circumstances of this case, under the circumstances of the jury instructions provided, [Senate Bill No.] 1437 does not apply to this case."

The Mitchells both timely appealed.  After the parties' principal briefs were filed, the People sought leave to file a supplemental brief clarifying their position.  We granted the request and gave defendants the opportunity to respond.  Neither defendant filed a responsive brief.

DISCUSSION

Codefendants Louis Mitchell and Lonnie Mitchell each contend that the trial court erred in denying his petition for resentencing under section 1172.6 at the prima facie stage.  Both defendants argue that, at trial, the court instructed the jury on the natural and probable consequences doctrine and thus allowed jurors to impute malice to them. Disagreeing, we conclude that the instructions given and the jury's verdicts finding the Mitchells guilty of first degree murder conclusively demonstrate that they were convicted on a still-valid theory of murder.

5

# I.

Before June 2014, when our state Supreme Court decided *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), "an accomplice who aided and abetted a crime could be liable, not only for that target offense, but also for any additional offense (including murder) under the natural and probable consequences doctrine even if the accomplice did not intend the additional offense." (*People v. Carney*, *supra*, 14 Cal.5th at p. 1146.) *Chiu* "held that the natural and probable consequences rule of *accomplice liability* did not extend to first degree premeditated murder because imposing such vicarious liability on an *aider and abettor*—one who did not possess the 'uniquely subjective and personal' mental state for first degree murder—would not serve 'legitimate public policy considerations of deterrence and culpability.' " (*Carney*, at p. 1146.)

Effective January 1, 2019, Senate Bill No. 1437 eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-450, 462.) Among other things, the enactment amended section 188 to require that, except in cases of felony murder, a principal convicted of murder "act with malice aforethought." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) It further provided that malice "shall not be imputed to a person based solely on his or her participation in a crime." (*Ibid.*; see generally *People v. Patton* (2025) 17 Cal.5th 549, 558.) It also added a procedure, now codified in section 1172.6, to permit individuals convicted of murder under prior law to request that their conviction be vacated and to seek resentencing. (Stats. 2018, ch. 1015, § 4; *Curiel*, at pp. 449-450.)

As amended and as relevant here, section 1172.6 provides that a person convicted of murder may file a petition to have his or her conviction vacated when: (1) the charges filed against the person allowed the prosecution to proceed on a theory of murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) the person was convicted of murder after trial or accepted a plea in lieu of a trial at which he or she

could have been convicted of murder; and (3) the person could not presently be convicted of murder because of changes to section 188 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)-(3).)

After briefing on the petition, the trial court must hold a hearing and determine whether the petitioner has made out a prima facie case for relief. (§ 1172.6, subd. (c).) If the petition and record "establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If instead the petition shows a prima facie entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioning defendant is guilty of murder under section 188 as amended. (*Ibid.*; § 1172.6, subds. (c), (d)(1) & (3).) If the prosecution fails to carry its burden, the challenged conviction and any accompanying allegations or enhancements must be vacated and the petitioner resentenced on any remaining charges. (§ 1172.6, subd. (d)(3).)

When evaluating a petition at the prima facie stage, the court takes the petitioner's " ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Trial courts may examine the record of conviction to determine whether a petitioning defendant has established a prima facie entitlement to relief. (*Id.* at pp. 970-972; *People v. Patton*, *supra*, 17 Cal.5th at p. 563.) If the record contains facts refuting the allegations in the petition, the court may make a credibility determination adverse to the petitioner. (*Lewis*, at p. 971.) But a trial court may "not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## II.

The Mitchells argue that the trial court's instructions could have allowed the jury to convict each of them of murder by imputing the other brother's malice to him. We are not persuaded.

The trial court instructed the jury and the jury returned its verdicts in this case after our Supreme Court's decision in *Chiu*. Consistent with this timing, the instructions at the Mitchells' trial included no language allowing them to be convicted of first degree murder based on the natural and probable consequences doctrine. Rather, the trial court instructed the jury using CALCRIM No. 520, which, as given, told the jury that, to convict a defendant of murder, the People had to prove that the defendant committed an act that caused the death of another person and acted with the mental state of "malice aforethought," which could be "express malice" or "implied malice." The instruction further stated: "If you decide that the defendant committed murder, it is murder of the second degree, unless the People prove beyond a reasonable doubt that it is murder of the first degree as defined in CALCRIM No. 521." And the instruction based on CALCRIM No. 521 told jurors that "a defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. The defendant acted *willfully* if he intended to kill." Thus, the jury's verdicts finding both defendants guilty of first degree murder conclusively establish that the jury found that each defendant personally harbored the intent to kill.

The Mitchells emphasize that the trial court instructed the jury using CALCRIM No. 402, which, as given, stated that the jury could convict them of murder under a natural and probable consequences theory if it concluded they were guilty of assault with a firearm, a coparticipant in the assault committed murder, and the murder was the natural and probable consequence of the assault. This instruction, however, also directed the jury: "To decide whether the crime of murder was committed, please refer to the separate instructions that I will give you on that crime." And the instructions on murder

8

expressly informed the jury that it could find the Mitchells guilty of only *second degree* murder under a theory of natural and probable consequences and that a conviction for first degree murder required a finding of intent to kill.  These instructions and the jury's verdicts thus eliminated the possibility that the jury relied on the natural and probable consequences theory or any theory of imputed malice when it convicted them of first degree murder, and the Mitchells are ineligible for relief under section 1172.6 as a matter of law.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1258.)

DISPOSITION

The order denying the Mitchells' petitions under section 1172.6 is affirmed.

_____/s/_____
FEINBERG, J.

We concur:

_____/s/_____
BOULWARE EURIE, Acting P. J.

_____/s/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.